IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 16 C 4380 |
| CAPITAL ADVANCE SOLUTIONS, LLC, a New Jersey limited liability company, | ) ) ) | |
| Defendant. | ) ) | Class Action Jury Trial Demanded |

**CLASS ACTION COMPLAINT**

Plaintiff Scott D.H. Redman ("Plaintiff"), by his attorneys, Markoff Leinberger LLC, states as follows for his Class Action Complaint against Capital Advance Solutions, LLC ("Defendant").

**NATURE OF THE CASE**

1. This is a consumer class action based upon Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"). Defendant called Plaintiff and other putative class members on their cellular telephones using an automatic dialing system and/or using an artificial or prerecorded voice, without their express consent to do so. Defendant willfully chose to ignore compliance with the TCPA. As such, Defendant willfully inundated Plaintiff and other putative class members with illegal telemarketing calls.

**PARTIES**

2. Plaintiff is an individual who resides in this district.

3. Defendant is, on information and belief, a New Jersey limited liability company with its principal place of business in Middletown, Monmouth County, New Jersey.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§1391(b) because a substantial part of the events giving rise to the claims occurred in this judicial district.

## STATUTORY FRAMEWORK

6. In 1991, in response to consumer complaints related to telemarketing practices, the TCPA was enacted to regulate, among other things, automated telephone equipment ("autodialers"), as defined in 47 U.S.C. § 227(a)(1).

7. 47 U.S.C. § 227(b)(1)(A)(iii) prohibits the use of autodialers or artificial or prerecorded voices to call cellular telephone devices without the express consent of the call recipient.

## COUNT I
### Violation of the TCPA

8. Plaintiff incorporates herein by references paragraphs 1-7.

9. On April 15, 2016, at 2:28 pm (central), Defendant, or its authorized agent, called Plaintiff on his cellular telephone (the "Call"), at the number xxx.xxx.4666.

10. Defendant made the Call to Plaintiff to sell its lending services.

11. Defendant made the Call using an autodialer.

12. Defendant made the Call using an artificial or pre-recorded voice.

13. Plaintiff has never given Defendant express consent to allow Defendant to call Plaintiff on his cellular telephone.

14. Prior to the Call, Plaintiff had never heard of Defendant.

15. Plaintiff has never done business with Defendant.

16.     Plaintiff brings this action individually and on behalf of the following putative Class:

> All persons within the United States to whom one or more telephone calls were made, since April 18, 2012, by, on behalf, or for the benefit of Capital Advance Solutions, LLC ("Defendant"), which calls were made using an automatic telephone dialing system and/or an artificial or prerecorded voice, and for which (a) the called telephone numbers appear in Defendant's records of such calls and/or the records of Defendant's third party telephone carriers or the third party telephone carriers of Defendant's call centers or (b) for which the called persons' own records prove that they received such calls.

17.     The Class is so numerous that joinder of all individual members in one action would be impracticable, given the expected Class size and modest value of individual claims. On information and belief, there are more than 100 persons meeting the above-referenced Class definition. Class members can be identified through Defendant's records.

18.     Plaintiff's claims are typical of the claims of the Class members, as they are based on the same legal theory and arise from the same unlawful and willful conduct.

19.     There are common questions of law and fact affecting members of the Class, which common questions predominate over questions that may affect individual members. These common questions include, but are not limited to:

    a.     Whether Defendant made non-emergency telephone calls to Class members' cellular telephones using an autodialer and/or artificial or prerecorded voice;

    b.     Whether Defendant had express consent of Class members to receive such calls;

    c.     Whether Defendant acted knowingly or willfully; and

    d.     Whether Defendant should be enjoined from making non-emergency telephone calls to cellular telephones using an autodialer and/or artificial or prerecorded voice.

20. Plaintiff will fairly and adequately represent the Class members. Plaintiff has no interests that conflict with the interests of Class members. Plaintiff has retained counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests that might cause them not to pursue these claims vigorously.

21. This action should be maintained as a class action because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the Class.

22. Whether Defendant failed to comply with 15 U.S.C. § 1681c(g) can be easily determined by a review of its policies and records.

23. A class action is a superior method for the fair and efficient adjudication of this controversy, particularly given the modest size of claims. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims.

24. Defendant made the Call to Plaintiff and similar calls to Class members knowing that it was using an autodialer.

25. Defendant made the Call to Plaintiff and similar calls to Class members knowing that it was using an artificial or prerecorded voice.

26. Defendant was aware, prior to making the Call to Plaintiff and similar calls to Class members, that it was prohibited by the TCPA from calling Plaintiff's and Class members' cellular telephones using an autodialer and/or artificial or prerecorded voice.

27. Defendant knowingly and willfully violated the TCPA.

28. Pursuant to 47 U.S.C. §227(b)(3)(B), Plaintiff and each Class member is entitled to statutory damages of $500 for each of Defendant's illegal calls.

29. Pursuant to 47 U.S.C. §227(b)(3), Plaintiff and each Class member is entitled to treble damages of up to $1,500 for each of Defendant's illegal calls.

WHEREFORE, Plaintiff, individually and on behalf of the putative Class, requests that this Court enter judgment in his favor and against Capital Advance Solutions, LLC and award the following:

    a. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B);
    b. Treble damages pursuant to 47 U.S.C. § 227(b)(3)(B);
    c. Costs;
    d. An injunction enjoining Defendant from making calls that violate the TCPA in the future; and
    e. Such further relief as this Court deems just and proper.

**Plaintiff Demands a Trial By Jury**

SCOTT D.H. REDMAN, Plaintiff,

By:    s/ Paul F. Markoff
        One of Plaintiff's Attorneys

Paul F. Markoff (IL Atty. No. 6237614)
Karl G. Leinberger (IL Atty. No. 6237537)
Markoff Leinberger LLC
134 N LaSalle St, Ste 1050
Chicago IL 60602
312.726.4162 (p)
312.674.7272 (f)
paul@markleinlaw.com