**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of others similarly situated, ) ) ) | |
| ) | No. 16 C 4380 |
| Plaintiff, ) ) | |
| ) | Judge Blakey |
| v. ) ) | |
| ) | Magistrate Gilbert |
| CAPITAL ADVANCE SOLUTIONS, LLC, ) a New Jersey limited liability company, ) ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION FOR SANCTIONS**

Plaintiff Scott D.H. Redman ("Plaintiff"), pursuant to Fed. R. Civ. P. 37(d), moves this Court for sanctions against Defendant Capital Advance Solutions, LLC ("Defendant") for failing to answer *Plaintiff's Re-Issued First Set of Interrogatories* ("Interrogatories") and *Plaintiff's Re-Issued First Set of Requests for Production* ("Doc Requests") and failing to produce the requested documents. In support of this motion, Plaintiff states as follows:

1. On November 1, 2016, Plaintiff issued the Interrogatories and Doc Requests, included herewith as **Exhibits 1** and **2**, respectively.

2. Defendant has not responded to the Interrogatories or Doc Requests and has not produced any documents.

3. On December 12, 2016, Plaintiff's undersigned counsel sent an email to Charles Betta and/or Dan Logan, Defendant's President and Chief Financial Officer, respectively, requesting a discovery conference. A true and correct copy of that email, without attachments, is included herewith as **Exhibit 3**.

4. On December 19, 2016, at 3:37 pm, Plaintiff's undersigned counsel called Defendant's office to have a Rule 37 and LR 37.2 conference and requested to speak with Mr. Betta and/or Mr. Logan. Neither Mr. Betta nor Mr. Logan took the call, so the undersigned left a message with a receptionist that he was an attorney in Chicago and wanted to speak with one or both of them about a lawsuit against Defendant. Nobody returned the call.

WHEREFORE, for the foregoing reasons, Plaintiff requests that this Court sanction Defendant as follows:

A. Compel Defendant to answer the Interrogatories and Doc Requests and produce the requested documents;

B. Award Plaintiff his attorneys' fees incurred in preparing and pursing this motion;

C. Directing that the following are established for purposes of this action:

  i. Defendant willfully called Plaintiff on his cellular telephone using an automatic dialing system and using an artificial or prerecorded voice without Plaintiff's express consent to do so;
  ii. Defendant willfully called Class members (as defined in paragraph 16 of the Complaint) on their respective cellular telephones using an automatic dialing system and using an artificial or prerecorded voice without Class members' express consent to do so;
  iii. Defendant has had no procedures for complying with the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA");
  iv. Defendant has made enough calls to Class members (as defined in paragraph 16 of the Complaint) to meet the numerosity requirement of Fed. R. Civ. P. 23; and
  v. Defendant made calls to Class members (as defined in paragraph 16 of the Complaint) in a uniform manner.

D. Prohibiting Defendant from opposing Plaintiff's claims or supporting its defenses and prohibiting Defendant from introducing evidence on any of the following topics:

  i. Whether Defendant willfully called Plaintiff on his cellular telephone using an automatic dialing system and using an artificial or prerecorded voice without Plaintiff's express consent to do so;
  ii. Whether Defendant willfully called Class members (as defined in paragraph 16 of the Complaint) on their respective cellular telephones using an

                    automatic dialing system and using an artificial or prerecorded voice without Class members' express consent to do so;

       iii.     Whether Defendant has had procedures for complying with the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA");

       iv.     Whether Defendant has made enough calls to Class members (as defined in paragraph 16 of the Complaint) to meet the numerosity requirement of Fed. R. Civ. P. 23; and

       v.     Whether Defendant made calls to Class members (as defined in paragraph 16 of the Complaint) in a uniform manner; and

    E.     Such other relief as this Court deems proper.

                                                SCOTT D.H. REDMAN, Plaintiff,

                             By:    /s Paul F. Markoff
                                      One of Plaintiffs' Attorneys

Paul F. Markoff
Karl G. Leinberger
Markoff Leinberger LLC
134 N LaSalle St Ste 1050
Chicago IL 60602
312.726.4162 (p)
312.674.7272 (f)
paul@markleinlaw.com

## **CERTIFICATION**

Pursuant to Fed. R. Civ. P. 37(d)(1)(B) and LR 37.2, Plaintiff's undersigned counsel certifies that he has in good faith attempted to confer by telephone with Defendant in an effort to obtain responses and documents without court action but counsel's attempts to engage in such consultations were unsuccessful due to no fault of counsel's. Plaintiff's undersigned counsel attempted to communicate with Defendant on the dates, at the time and in the manners set forth in paragraphs 3 and 4 above.

                                                      s/ Paul F. Markoff
                                                    Paul F. Markoff

## **CERTIFICATE OF SERVICE**

I certify that I served a copy of this *Plaintiff's Motion for Sanctions* on the following by regular mail, postage prepaid, and by email on this 30th day of December, 2016:

Charles Betta, President (cbetta@capitaladvancesolutions.com)
Dan Logan, Chief Financial Officer (dlogan@capitaladvancesolutions.com)
Capital Advance Solutions, LLC
1715 State Rt 35 Ste 302
Middletown NJ 07748

/s Paul F. Markoff
Paul F. Markoff
